IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RODERICK A. ROBERSON, JR.,**

       **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

       **Respondent.**

**Case No. 3:24-CV-179-NJR**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Petitioner Roderick A. Roberson, Jr. (Doc. 1). On October 20, 2021, the undersigned sentenced Roberson to 70 months of imprisonment after he pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Roberson*, Case No. 20-CR-30122-NJR-1, at Doc. 42. In his § 2255 motion, Roberson argues § 922(g)(1) is unconstitutional "as applied" to him because he has never been convicted of a violent felony. (*Id.*). Roberson asserts that his prior Illinois robbery conviction did not require any level of violence and is, therefore, inadequate to establish that he is a person whom Congress intended to disarm permanently. Thus, he argues, his conviction under § 922(g)(1) should be vacated.

The matter is now before the Court for preliminary review. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party

is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After reviewing Roberson's § 2255 motion (Doc. 1), it is plainly apparent that he is not entitled to relief at this point in time.

"Federal prisoners who seek to collaterally attack their conviction or sentence must ordinarily bring an action under § 2255, 'the federal prisoner's substitute for habeas corpus.'" *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Relief under § 2255 "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

A motion under § 2255 is subject to a one-year time limitation that generally runs from the latest of:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Roberson argues that § 922(g)(1) is unconstitutional as applied to him

because of *Range v. Attorney General United States of America*, 69 F.4th 96, 98 (3d Cir. 2023), *petition for cert. filed* (U.S. Oct. 10, 2023) (No. 23-374) (holding that § 922(g)(1) was unconstitutional as applied to an individual who was convicted of fraudulently completing a food stamp application in 1995, with no other criminal history apart from minor traffic and parking infractions and fishing without a license). He also relies on *New York Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), in asserting that "people like [him]" cannot be disarmed.

As a procedural matter, Roberson's reliance on *Bruen* is untimely. While § 2255(f)(3) allows a petition to be filed within one year of the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the *Bruen* decision was handed down on June 23, 2022. This means that a timely § 2255 petition on this issue should have been filed by June 23, 2023. Roberson did not file his § 2255 until January 25, 2024.[1]

Roberson also asserts his conviction is unconstitutional under *Range*, a 2023 case from the Third Circuit. While the Attorney General filed a petition for writ of certiorari in *Range*, the Supreme Court has not yet granted or denied that petition. Therefore, *Range* "is irrelevant under the plain language of § 2255(f)(3) because it is not a Supreme Court decision." *Patton v. United States*, No. 1:23-CV-01238-JPH-MG, 2024 WL 68678, at *1 (S.D. Ind. Jan. 4, 2024). Moreover, this Court is bound by controlling precedent from the

---

[1] Although § 2255(f)(4) does allow the one-year statute of limitations to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence[,]" that section "is not triggered when a petitioner discovers or understands a new legal decision or theory." *Ward v. United States*, No. 3:23-CV-04021-NJR, 2024 WL 197457, at *2 (S.D. Ill. Jan. 18, 2024) (quoting *United States v. Hayes*, No. 19 C 50104, 2020 WL 2112367, at *2 (N.D. Ill. May 4, 2020)).

Supreme Court and the Seventh Circuit, which, to date, have not found § 922(g)(1) unconstitutional. *See, e.g.*, *United States v. Barwicks*, No. 20-CR-00563, 2024 WL 1521473, at *13 (N.D. Ill. Apr. 8, 2024) ("[T]o date, the Seventh Circuit has never actually upheld an as-applied Second Amendment challenge to § 922(g) and has, in fact, repeatedly rejected as-applied Second Amendment challenges to that statute.") (cleaned up).

Roberson acknowledges that the Supreme Court has not issued an opinion in *Range*, but he asks the Court to hold this case in abeyance until it does. The Court declines to do so. As noted above, the Supreme Court has not yet granted the petition for certiorari in *Range*, meaning it may choose not to hear the case at all.

For these reasons, the Court finds that Roberson clearly is not entitled to relief. If the Supreme Court takes up *Range* and issues a favorable decision that is also made retroactive to cases on collateral review, Roberson may seek permission to file a second or successive § 2255 petition. At this time, however, Roberson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DISMISSED without prejudice**.

### CERTIFICATE OF APPEALABILITY

The Rules Governing Section 2255 Proceedings for the United States District Courts instruct the district court to "issue or deny a certificate of appealability when it enters a final order averse to the applicant." Rule 11(a). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the applicant "must have a constitutional claim (or an underlying procedural argument on

which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that Roberson has not stated any grounds for relief under § 2255, and reasonable jurists would not find that conclusion debatable or wrong. Thus, Roberson has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

If Roberson wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Roberson chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Roberson files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Roberson will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned has already declined to issue a certificate of appealability. Thus, Roberson must request a certificate of appealability

from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Roberson cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Roberson plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Roberson wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within **28 days** of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-

day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion showing excusable neglect or good cause.

**IT IS SO ORDERED.**

**DATED:   May 21, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**